UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>             Plaintiff,<br><br>       v.<br><br>KEN CLARK,<br><br>             Defendant. | Case No. 1:20-cv-01624-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>21-DAY DEADLINE |

**I.    INTRODUCTION**

Plaintiff Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. At the time he filed his complaint, Plaintiff was incarcerated at California State Prison, Corcoran ("CSP-Cor"). (Doc. 1 at 1.) In his complaint, Plaintiff alleges that prison officials at CSP-Cor planned to transfer him to Kern Valley State Prison ("KVSP"), where he would be subject to "harassment, . . . batteries, abuses, and retaliation[ ]" by other inmates and correctional officers. (*Id.* at 3.) Plaintiff states that the anticipated transfer caused him "extreme emotional distress and severe mental anguish," and he seeks an injunction providing that he be transferred to Mule Creek State Prison or to a protective housing unit. (*Id.* at 2-4.)

After filing his complaint, Plaintiff was transferred to the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (Doc. 10.) He was then transferred to R.J. Donovan Correctional Facility in San Diego, California, where is now confined. (Doc. 11.)

For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and his claim for emotional or mental injuries is barred by the Prison Litigation Reform Act ("PLRA"). Therefore, Plaintiff must show cause why this action should not be dismissed.

**II.   DISCUSSION**

**A.  Plaintiff's claim for injunctive relief against imminent harm is moot**

A moot claim "is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted). "Federal courts lack jurisdiction to decide moot [claims] because their constitutional authority extends only to actual cases or controversies." *Id.* (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "[I]f an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back." *Rodriguez v. Moore*, No. 2:19-cv-00226-MCE-DMC, 2019 WL 2284892, at *1 (E.D. Cal. 2019), *report and recommendation adopted*, 2019 WL 3714510 (E.D. Cal. 2019) (citations omitted); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

This lawsuit is based on Plaintiff's allegation that officials at CSP-Cor plan to transfer him to KVSP, which would place him in imminent danger of being attacked, harassed, and/or retaliated against by other inmates and correctional officers. (*See* Doc. 1 at 3.) However, after Plaintiff initiated this action, officials at CSP-Cor actually transferred him to SATF; and he is now incarcerated at R.J. Donovan Correctional Facility. (Docs. 10-11.) Thus, Plaintiff's claim that CSP-Cor officials were about to place him in imminent danger of physical and other harm by transferring him to KVSP—and Plaintiff's request for injunctive relief against such danger—is now moot. That is, the applicable "issues are no longer live." *Sample*, 771 F.2d at 1338.

**B.  Plaintiff fails to show that he suffered an injury in fact**

To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be 'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the

2

"[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

Plaintiff fails to show that he has suffered an injury in fact. As explained above, Plaintiff contends that officials at CSP-Cor *were about* to cause him injury by transferring him to KVSP. (*See* Doc. 1 at 3.) This allegation fails to show that Plaintiff suffered actual, concrete harm. As explained above, Plaintiff is also now confined at R.J. Donovan Correctional Facility. Thus, any claim that harm was "imminent" is moot.

### C. Plaintiff's claim for emotional harm is barred by the PLRA

Lastly, Plaintiff's claim that he suffered mental or emotional harm is prohibited by the Prison Litigation Reform Act. The statute provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff does not contend that he suffered any physical injury, and he does not allege the commission of a sexual act. Therefore, Plaintiff's claim for emotional or mental injury is barred by the PLRA.

## III. CONCLUSION AND ORDER

For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, and his claim for mental or emotional injuries is barred by the Prison Litigation Reform Act. Therefore, the Court DIRECTS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed.

IT IS SO ORDERED.

Dated:   **September 2, 2021**                   /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE