UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-01624-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff's complaint is before the Court for screening pursuant to 42 U.S.C. § 1915A. For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and the Prison Litigation Reform Act ("PLRA") bars his claim for emotional damages. The Court therefore recommends that this action be dismissed.

**I.   BACKGROUND**

At the time he filed his complaint, Plaintiff was incarcerated at California State Prison, Corcoran ("CSP-Cor"). (Doc. 1 at 1.) In his complaint, Plaintiff alleges that prison officials at CSP-Cor planned to transfer him to Kern Valley State Prison ("KVSP"), where he would be subject to "harassment, . . . batteries, abuses, and retaliation[ ]" by other inmates and correctional officers. (*Id.* at 3.) Plaintiff states that the anticipated transfer caused him "extreme emotional distress and severe mental anguish," and he seeks an injunction that he be transferred to Mule Creek State Prison or to a protective housing unit. (*Id.* at 2-4.)

After filing his complaint, Plaintiff was transferred to the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), then to the R.J. Donovan Correctional Facility ("R.J. Donovan"). (Docs. 10-11.) He is now confined at High Desert State Prison. (Doc. 16.)

On September 2, 2021, the Court issued an order to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 12.) Plaintiff filed a response on October 15, 2021. (Doc. 15.) In his response, Plaintiff does not meaningfully call into question the Court's findings that it lacks jurisdiction over the claims in his complaint, or that his claim for emotional damages is barred by the PLRA. Instead, Plaintiff raises new allegations concerning his incarceration at SATF and subsequent transfers to R.J. Donovan and High Desert State Prison, and he requests that he be transferred back to SATF. (*Id.* at 1-2.) These allegations and requested relief are unrelated to that in his complaint. As described above, Plaintiff alleges in his complaint that an anticipated transfer to KVSP caused him mental and emotional anguish and placed him in danger of physical harm, and he requested that he be transferred to Mule Creek State Prison. Those claims are now moot or barred by the PLRA, as described below.

**II.     DISCUSSION**

   **A.  Plaintiff's claim for injunctive relief against imminent harm is moot**

A moot claim "is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted). "Federal courts lack jurisdiction to decide moot [claims] because their constitutional authority extends only to actual cases or controversies." *Id.* (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "[I]f an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back." *Rodriguez v. Moore*, No. 2:19-cv-00226-MCE-DMC, 2019 WL 2284892, at *1 (E.D. Cal. 2019), *report and recommendation adopted*, 2019 WL 3714510 (E.D. Cal. 2019) (citations omitted); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

This lawsuit is based on Plaintiff's allegation that officials at CSP-Cor plan to transfer him to KVSP, which would place him in imminent danger of being attacked, harassed, and/or

2

1 retaliated against by other inmates and correctional officers. (*See* Doc. 1 at 3.) However, after
2 Plaintiff initiated this action, officials at CSP-Cor actually transferred him to SATF, and he is
3 now incarcerated High Desert State Prison. (Docs. 10, 16.) Thus, Plaintiff's claim that CSP-Cor
4 officials were about to place him in imminent danger of physical and other harm by transferring
5 him to KVSP—and Plaintiff's request for injunctive relief against such danger—is now moot.
6 The applicable "issues are, therefore, no longer live." *Sample*, 771 F.2d at 1338.

### B. Plaintiff fails to show that he suffered an injury in fact

8 To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that
9 [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be
10 'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th
11 Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the
12 "[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc.
13 v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish
14 injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected
15 interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or
16 hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

17 Plaintiff fails to show that he has suffered an injury in fact. As explained above, Plaintiff
18 contends that officials at CSP-Cor *were about* to cause him injury by transferring him to KVSP.
19 (*See* Doc. 1 at 3.) This allegation fails to show that Plaintiff suffered actual, concrete harm. In
20 addition, as explained above, Plaintiff is now confined at High Desert State Prison. Thus, any
21 claim that harm was "imminent" is now moot.

### C. Plaintiff's claim for emotional harm is barred by the PLRA

23 Lastly, Plaintiff's claim that he suffered mental or emotional harm is prohibited by the
24 Prison Litigation Reform Act. The statute provides that "[n]o Federal civil action may be brought
25 by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing
26 of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff does not
27 contend in his complaint that he suffered any physical injury, and he does not allege any sexual
28 act. Therefore, Plaintiff's claim for emotional or mental injury is barred by the PLRA.

**III.    CONCLUSION, ORDER, AND RECOMMENDATION**

For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, and his claim for mental or emotional injuries is barred by the Prison Litigation Reform Act. The Court therefore RECOMMENDS that this action be DISMISSED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 18, 2021**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

4